## Ferguson v. Board of Drainage Com'rs of Graves County For Mayfield Creek Drainage Dist. No. 2.

Feb. 27, 1945.

L. R. Smith and R. A. Roberts for appellant.

J. E. Warren and F. B. Martin for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Kate Ferguson has filed a motion for an appeal from a judgment directing the sale of a 10-acre and a 58-acre tract of land in Graves County to satisfy drainage tax liens. The tracts were appraised at $2360 and the appellee, Board of Drainage Commissioners for the District, purchased them for $2500. There was no objection or exception to the report of sale, and counsel

for Mrs. Ferguson state the only thing to which she is entitled, if anything, is her proportionate part of the $2500.

The principal ground upon which the appeal is based is that Mrs. Ferguson was not served with notice, as required by KS 2380b-41, which was in effect at the time the proceedings to create the drainage district were instituted. This section reads in part as follows:

"The word 'owner' as used in this act shall mean the owner of the free hold estate, and it shall not include reversioners, remaindermen, trustees or mortgagees, who shall not be counted; and it shall not be necessary for the clerk to give notice to any person such owner, but all interest shall be represented by the present owner of the free hold estate in any proceeding under this act. * * *" The facts upon which the contention is based follow: The 10-acre tract of land belonged to W. W. Albritton, father of the appellant. The 58-acre tract was deeded to Albritton and his wife jointly in 1901. Mrs. Albritton died intestate prior to the creation of the district, leaving five children. One of the children died intestate after reaching majority, leaving his father as his only heir-at-law. Thus it may be seen that at the time of the creation of the district W. W. Albritton was the owner in fee of his original one-half interest in the land plus an additional one-tenth which he had inherited from his deceased son. Each of the remaining four children, who were adults, owned in fee one of the remaining four-tenths interests in the 58-acre tract. It was stipulated by the parties that, when the district was created, the notices and processes required by the Drainage District Act were served only on W. W. Albritton and none of his children entered their appearance to the proceedings. The trial court took the view that service on Albritton was sufficient because he was the owner in fee of a six-tenths interest in the land, and was the owner by curtesy of the remaining four-tenths. In this he was in error. Under KS 2132, now KRS 392.020, Albritton was entitled to a one-third interest in his wife's share of the 58-acre tract for his life and was not entitled to a curtesy interest which was abolished by C. 76 of the Acts of 1894, even though he and Mrs. Albritton were married prior to the enactment of the statute. Hall v. Craft, 100 S. W. 236, 30 Ky. Law Rep. 1127.

At the death of Mrs. Albritton each of her children took a one-tenth interest in the fee of the 58-acre tract, and therefore were freeholders. Briefly stated, a freehold interest in real estate is an interest greater than a leasehold. Payne v. Fiscal Court of Carlisle County, 200 Ky. 41, 252 S. W. 127. We have noted that the Drainage District Act required that notice be served on the holder of the freehold estate—not merely on one who held a freehold interest in it. Albritton held only a part of the freehold estate, and his children, who held the remaining freehold interests, were just as much entitled to notice as was he.

Some point is made by the appellee that Mr. Albritton may have been holding the four-tenths interest in the tract in question, in addition to his own six-tenths interest, under the homestead statute. KRS 427.070. There is nothing in the record, however, to show such a holding; and, furthermore, a homestead right is an exemption and is strictly a right of occupancy and may be asserted only by the surviving spouse. Foreman v. Cook, 277 Ky. 812, 127 S. W. 2d 856.

It follows from what has been said that the motion for an appeal is sustained, and the judgment is reversed, with directions for the entry of a judgment awarding Mrs. Ferguson her one-tenth interest in the sale price of the 58-acre tract of land.